WO                                                                                          JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Sergio Soto,

    Plaintiff,

v.

Charles L. Ryan, et al.,

    Defendants.

No. CV 19-05634-PHX-JAT (MHB)

**ORDER**

  On November 15, 2019, Plaintiff Sergio Soto, who is confined in the Arizona State Prison Complex-Yuma, filed an unsigned pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. In a November 22, 2019 Order, the Court gave Plaintiff 30 days to submit a completed and signed Certificate, certifying that Plaintiff's signature on the Certificate shall serve as an original signature on his Complaint for the purposes of Rule 3.4 of the Local Rules of Civil Procedure and Rule 11 of the Federal Rules of Civil Procedure. The Court also denied the deficient Application to Proceed In Forma Pauperis and gave Plaintiff 30 days to pay the filing and administrative fees for this action or file a complete Application to Proceed.

  On December 17, 2019, Plaintiff filed a Certificate and an Application to Proceed In Forma Pauperis. In a January 10, 2020 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The

TERMPSREF

Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On January 28, 2020, Plaintiff filed his First Amended Complaint. In a February 5, 2020 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

After requesting and receiving an extension of time, on March 23, 2020, Plaintiff filed a Second Amended Complaint (Doc. 15). The Court will require Defendants Zambada and Hasz to answer Count One and will dismiss Count Two and the remaining Defendants.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for

TERMPSREF

- 2 -

relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**II.   Second Amended Complaint**

In his two-count Second Amended Complaint, Plaintiff sues former Arizona Department of Corrections (ADC) Director Charles Ryan, Lieutenant Hasz, Correctional Officer (CO) II Zambada, CO III DeLao, and Disciplinary Hearing Officer Captain Baker. Plaintiff asserts claims related to excessive force and disciplinary proceedings. His requested relief is unclear.[1]

In Count One, Plaintiff alleges that on April 10, 2019, he asked to talk to a supervisor. Defendant Zambada escorted Plaintiff, with his hands cuffed behind his back, and took him to Sergeant Totten. Plaintiff asked Sergeant Totten why "they kept trying to house a [third] inmate in a 2 man cell." Sergeant Totten told Plaintiff he was "being processed for 805 for stealing a storebag." Plaintiff said he did not steal anything. Sergeant Totten repeated that Plaintiff was "being processed" and that he "needed to house anyway with 3 people." Plaintiff and Sergeant Totten began to argue, and Defendant Zambada sprayed Plaintiff in the eyes from inches away, while Plaintiff was handcuffed, and took

---

[1] In his Request for Relief, Plaintiff states, "I am seeking relief on the facts I [am] alleging against the Defendant[]s on the grounds of Preston v. Hicks, 721 Fed. Appx. 342 (5th Cir. 2018) and Redmond v. Cr[ow]ther, 882 F.3d 927 (10th Cir. 2018) for my permanent injury." (Doc. 15 at 6.) Neither *Preston* nor *Redmond* relates to the types of relief available for excessive force and, therefore, Plaintiff's request for relief is insufficient to satisfy the requirements of Rule 8(a)(3) of the Federal Rules of Civil Procedure. *See Seven Words LLC v. Network Solutions*, 260 F.3d 1089, 1098 (9th Cir. 2001) (indicating the minimal requirements necessary to comply with Rule 8(a)(3)).

Plaintiff to the ground. Defendant Hasz arrived with "a team" and took Plaintiff to a side recreation pen. Plaintiff felt a strong tug backward, fell, and landed on his back and elbows. Defendant Hasz began the "assault" by kicking Plaintiff in his left ribcage and dragged him 20 to 30 feet, where the other officers, including Defendant Zambada, continued to kick and punch him. Plaintiff told Defendants Hasz and Zambada that they did not "have to do that" because Plaintiff was already constrained and the "situation was tempered."

As his injury, Plaintiff alleges his right elbow is permanently injured, and almost a year after the incident, he still has a large lump on his elbow. Plaintiff also claims he suffers psychologically and he "gets jumpy [and] afraid" when a door opens.

In Count Two, Plaintiff alleges that Defendant Hasz filed a disciplinary report stating that a video showed Plaintiff removing and stealing another prisoner's bag. Plaintiff asserts the video does not show what Plaintiff did with the "supposedly stolen bag" and that Hasz's report fails to state where Plaintiff took the bag. Plaintiff claims that they were in a lockdown unit, and he could not have "run off with" the bag. Plaintiff alleges that Defendants DeLao, Hasz, and Baker "violated every policy in their handbook" in investigating the incident. Plaintiff asserts Defendants failed to properly investigate, and statements from a "Keefe worker" and a non-party correctional officer were not presented. Plaintiff claims the non-party correctional officer "is willing to testify in a court of law for the abuses [Plaintiff] suffered at the malicious way [his] case was handled" and "personally told [Plaintiff]" that Defendants Hasz and DeLao were "trying to fuck [Plaintiff]." Plaintiff asserts the non-party correctional officer spoke to the Keefe worker, and she told him it was "all a misunderstanding" and the bag had been found. Plaintiff claims this "whole ordeal" was initiated by Defendant Hasz, which "ultimately led to the assault on [Plaintiff's] person" by Hasz and Defendant Zambada and "staff." Plaintiff alleges that as a result of this "false" disciplinary conviction, he received 90 days in detention, which is permanently on his record.

….

….

**III. Failure to State a Claim**

    **A. Defendant Ryan**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has not alleged that Defendant Ryan personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Plaintiff makes no allegations at all against Ryan. Thus, the Court will dismiss without prejudice Defendant Ryan.

    **B. Count Two**

In analyzing a due process claim, the Court must first decide whether Plaintiff was entitled to any process, and if so, whether he was denied any constitutionally required procedural safeguard. Liberty interests that entitle an inmate to due process are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted).

To determine whether an inmate is entitled to the procedural protections afforded by the Due Process Clause, the Court must look to the particular restrictions imposed and

1  ask whether they "'present the type of atypical, significant deprivation in which a state
2  might conceivably create a liberty interest.'" *Mujahid v. Meyer*, 59 F.3d 931, 932 (9th Cir.
3  1995) (quoting *Sandin*, 515 U.S. at 486). "Atypicality" requires not merely an empirical
4  comparison, but turns on the importance of the right taken away from the prisoner. *See*
5  *Carlo v. City of Chino*, 105 F.3d 493, 499 (9th Cir. 1997). To determine whether the
6  sanctions are atypical and a significant hardship, courts look to prisoner's conditions of
7  confinement, the duration of the sanction, and whether the sanction will affect the duration
8  of the prisoner's sentence. *See Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996).

Plaintiff was not entitled to any due process procedural protections because the sanction imposed—90 days in detention—is not an atypical and significant hardship. *See Sandin*, 515 U.S. at 475-76, 487 (30 days' disciplinary segregation is not atypical and significant); *Smith v. Mensinger*, 293 F.3d 641, 654 (3rd Cir. 2002) (seven months of disciplinary confinement "does not, on its own, violate a protected liberty interest"); *Jones v. Baker*, 155 F.3d 810 (6th Cir. 1998) (two and one-half years' administrative segregation is not atypical and significant). Accordingly, Plaintiff fails to state a due process claim with respect to his disciplinary proceedings and Count Two will therefore be dismissed, as will Defendants Baker and DeLao.

**IV.    Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated an excessive force claim in Count One against Defendants Zambada and Hasz in their individual capacities. The Court will require Defendants Zambada and Hasz to answer Count One.

**V.    Warnings**

    **A.    Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Count Two is **dismissed** without prejudice.

(2)     Defendants Ryan, Baker, and DeLao are **dismissed** without prejudice.

(3)     Defendants Zambada and Hasz must answer Count One.

(4)     The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. 15), this Order, and both summons and request for waiver forms for Defendants Zambada and Hasz.

(5)     Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(7) The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(8) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order.

(9) A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(10) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service

---

Arizona Department of Corrections unless the officer or employee works there.

form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11) Defendants Zambada and Hasz must answer Count One of the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 2nd day of April, 2020.

James A. Teilborg
Senior United States District Judge